# Third District Court of Appeal

## State of Florida

Opinion filed August 13, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0859
Lower Tribunal No. B24-13963
_____

**Gersson Fleitasborrego,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Kristy Nuñez, Judge.

Carlos J. Martinez, Public Defender, and Jennifer Thornton, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and Ryan Schelwat, Assistant Attorney General, for appellee.

Before LOGUE, MILLER, and LOBREE, JJ.

PER CURIAM.

Affirmed. See Ruth v. State, 904 So. 2d 580, 581 (Fla. 3d DCA 2005) ("Although the court failed to make any specific findings on whether the violation was trivial or substantial, or whether the defendant was prejudiced by the violation, we find no error in the court's rulings" where defense counsel "never objected to the lack of explicit findings, and the court's denial of his motions to exclude the evidence and for a mistrial show that the court did not find any prejudice that deprived [him] of a fair and impartial trial."); State v. Schopp, 653 So. 2d 1016, 1021 (Fla. 1995) ("Not only is the trial court better equipped to deal with discovery violations, if the trial court determines that a party has been prejudiced by the violation there are numerous remedial sanctions that can be imposed at that stage of the proceedings." (citing Fla. R. Crim. P. 3.220(n)(1), (2))); Curry v. State, 283 So. 3d 934, 937 (Fla. 3d DCA 2019) ("[A] trial court has broad discretion to impose the sanctions it deems appropriate in order to resolve the prejudice caused by a discovery violation." (citing Fla. R. Crim. P. 3.220(n)(1))); see also Carter v. Brown & Williamson Tobacco Corp., 778 So. 2d 932, 942 (Fla. 2000) ("Absent a finding to the contrary, juries are presumed to follow the instructions given them.").